SMELTZER v. LOMBARD ET AL.

1. **Principal and Agent:** GOOD FAITH. The agent of a party for the negotiation of a loan, procured a mortgage from the parties seeking a loan, placed it upon record and then, the loan not having been effected, caused the sheriff's deed under the foreclosure of a prior mortgage to be conveyed to another. *Held*, that good faith required the agent to procure the release of the mortgage, before taking title to the premises, and that the sheriff's deed so procured would be set aside.

*Appeal from Union Circuit Court.*

FRIDAY, DECEMBER 9.

THIS is an action in equity, the object of which is to set aside and cancel a sheriff's deed to certain real estate of which plaintiff claims to be the owner and to restrain the defendants from prosecuting against plaintiff a certain action for the possession of the premises founded upon said deed. There was a decree for the plaintiff. Defendants appeal.

*Stuart Bros.* and *Ettin*, for appellants.

*J. H. Copenheffer*, for appellee.

ROTHROCK, J.—The plaintiff was the owner of a farm upon which there were judgment and mortgage leins to an amount somewhat exceeding $800. The defendant James L Lombard was cashier of the Bank of Creston, a private banking institution in which the defendant B. Lombard was interested as owner in whole or in part. Nearly all of the judgment and mortgage liens upon the plaintiff's land were held by B. Lombard as assignee of the original parties plaintiff thereto. One of the mortgages had been foreclosed and the land sold thereunder in the month of August, 1877. In the month of January, 1878, the plaintiff made application to James L. Lombard for a loan of sufficient money to pay off all liens on said land,

and proposed to secure the payment of the loan by a mortgage which should be a first lien upon the real estate. An instrument in writing was drawn up and signed by the plaintiff by which he constituted the Bank of Creston his agent to procure a loan for him for $800, to be secured by mortgage upon the land in question, and providing that all the liens on the land should be removed before the loan should be completed. By another instrument in writing the plaintiff bound himself to pay to James L. Lombard $80 as a commission for services in procuring the loan. An abstract of title was procured and the note and mortgage were executed by plaintiff and delivered to James L. Lombard. The note and mortgage were made payable to the defendant Gay who is a non-resident of this State. Lombard took possession of the note and mortgage and put the mortgage upon record. It was found that the sum of $800 was insufficient to pay all the liens upon the land and the commission to James L. Lombard for his services as agent of the plaintiff. The plaintiff claims that he supposed the amount would be sufficient for that purpose. The defendants claim that the evidence shows that plaintiff knew that it was insufficient. It is further claimed by the defendants that plaintiff expected to purchase certain of the liens at a discount, and thus liquidate all the debts with the loan. On these questions there is conflict in the evidence which, in the view we take of the case, we do not think it important to attempt to reconcile. The defendant James L. Lombard retained the note and mortgage and while they were in his possession, as he claims, as the agent of the plaintiff, on the 20th day of September, 1878, he caused a sheriff's deed to be made to B. Lombard, Jr., on the foreclosure, the period of redemption having expired. Proceedings were instituted before a justice of the peace to obtain possession of the land under this deed, and this action was thereupon commenced to set aside the deed and restrain said proceedings.

It is insisted by the appellants that the evidence shows that

the plaintiff failed to perform his contract with the agent, Lombard, in effecting the loan. That he knew that B. Lombard, Jr., was the owner of the certificate of purchase at sheriff's sale, and that he should have paid the balance of the amount necessary to secure the loan, and for failure to do this he should not complain because of the sheriff's deed. But we think it fairly appears that the negotiations for a loan were not at an end when the sheriff's deed was made. The plaintiff's note and mortgage were in the hands of Lombard. The mortgage was recorded and was an apparent lien upon the land which no doubt would have prevented the procuring of a loan elsewhere. It is true Lombard procured a release of the mortgage and canceled the note but not until sometime after he had procured the sheriff's deed. He occupies this position: While acting as the agent of the plaintiff in procuring a loan he procured a mortgage, placed it upon record and then caused the title of the land to be conveyed to B. Lombard. He cannot be allowed while thus acting as the agent of the plaintiff to take advantage of him. Good faith required that before taking the title he should have procured the cancellation of the mortgage and placed the plaintiff in *statu quo*. It is said that it is customary with loan agents to place the mortgage upon record at once, and before the liens which it is given to extinguish are paid, so as to prevent intervening liens. If this is a custom it ought also to be a custom to release the mortgage where the loan for any reason fails of completion, and such release should be promptly made and no advantage should be taken of the debtor by reason of the negotiations, while the mortgage remains as an apparent lien upon his land.

The decree of the Circuit Court as it appears in the abstract is not as explicit as seems to us desirable in the matter pertaining to the rights of the parties to liens upon the land. The sheriff's deed was properly set aside. This leaves the parties in the same situation they were in before there were any nego-

1. PRINCIPAL and agent: good faith.

tiations for a loan, except that without some order in the premises the defendant would be entitled to a deed at once. Under the circumstances we think the proper decree would be, that the plaintiff have sixty days from the filing of this opinion for redemption, and to pay off the liens upon the land, and if he fails to do so the rights of the parties to be the same as if there had been no negotiations for a loan.

AFFIRMED.